**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DANTE PALAZZOLO,

    Petitioner,                            Civil No. 2:12-CV-11977
                                                  HONORABLE DENISE PAGE HOOD
v.                                                UNITED STATES DISTRICT JUDGE

SIXTH CIRCUIT COURT,

    Respondent,
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. Introduction**

Dante Palazzolo, ("Petitioner"), presently confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 2009 conviction out of the Oakland County Circuit Court for larceny in a building, carrying a concealed weapon, and being a fourth felony habitual offender. Petitioner has previously filed a petition for writ of habeas corpus, which challenges these convictions. This action remains pending before Judge Sean F. Cox. *See Palazzolo v. Roggenbuck*, No. 2:12-CV-11976 (E.D. Mich.). A decision has not yet been rendered in that case.

Petitioner has now brought the instant petition, in which he challenges the same convictions that he is attacking in his petition before Judge Cox.

1

## II. Discussion

The instant petition is subject to dismissal because it is duplicative of petitioner's pending habeas action before Judge Cox.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's current habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, because both cases seek the same relief. *Id. See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table), No. 1989 WL 25837, * 1 (6th Cir. March 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *See also Nye v. Booker,* No. 2007 WL 2318750, * 1(E.D. Mich. August 9, 2007)(same).

In the present case, the instant petition challenges the same convictions and appears to make the same legal arguments as the petition in the case pending before Judge Cox. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000). This Court is therefore permitted to take judicial notice of its own court documents and records in determining that the current habeas petition is duplicative of the previously filed application for habeas relief. *Harrington v. Stegall,* No. 2002 WL 373113, * 2 (E.D. Mich. February 28, 2002). Accordingly, this petition for writ of habeas corpus will be dismissed.

To the extent that petitioner wishes to raise additional claims not already before

the court in the earlier-filed petition, petitioner may do so by seeking leave to amend that petition in accordance with the requirements of Federal Rule of Civil Procedure 15. *Nye v. Booker,* No. 2007 WL 2318750, at * 1.

### III. Conclusion

The Court will summarily dismiss the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because his current petition is duplicative of his still pending habeas petition before Judge Cox. *See Maske v. Murphy*, 357 Fed. Appx. 981, 982-83 (10th Cir.

2009). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED AS DUPLICATIVE** of the case of *Palazzolo v. Roggenbuck,* 2:12-CV-11976 (E.D. Mich.), currently pending before Judge Sean F. Cox.

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: May 31, 2012                S/Denise Page Hood
                                   Denise Page Hood
                                   United States District Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2012, by electronic and/or ordinary mail.

                                   S/LaShawn R. Saulsberry
                                   Case Manager